tended that the benefit of 5010-4 GC. inures to an action brought by the injured party in the exact sense of the person himself receiving bodily injury and directly suffering loss or damage thereby.

It was claimed that a husband who recovered damages for the injury to his wife cannot compel an application of the insurance money to the satisfaction of his judgment because the statute is expressly limited to a judgment for "bodily injury" which does not include the husband's financial loss or loss of consortium. The Court held:

1. A statute must be construed with reference to the whole system of which it forms a part. Section 9510-3 and 9510-4 GC., therefore, are to be taken together.

2. 9510-4 GC. provides: "Upon recovery of a final judgment - - - - - by any person - - - - for loss or damage on account of bodily injury or death - - - - the judgment creditor shall be entitled to have the insurance money applied - - - - and may proceed in a legal action against the defendant and insurance company to reach and apply the insurance money to the satisfaction of the judgment.

3. In reference to the contract of insurance spoken of in the above, 9510-3 GC. provides: "In respect to every contract of insurance - - - - - by which said person or corporation is insured against loss or damage on account of bodily injury or death by accident of any person for which loss or damage such person is responsible. - - - - etc.

4. Reading the two sections together, the contract of insurance insures against loss or damage on account of the bodily injury or death by accident of any person. "Loss" and "damage" are synonymous.

5. There is no doubt that when a husband recovers a judgment for loss of consortium due to bodily injuries received by his wife, it is "loss or damage on account of bodily injury by accident," as covered in the contract of insurance. Such husband comes under the designation of "any person" so recovering such judgment for such loss.

6. Re-reading 9510-4 GC. in light of the definitions and rules of construction, we have: Upon the recovery of a final judgment by "any person" a husband for instance, - - - - as compensation for a loss, sustained by reason of or because of the bodily injury may proceed in a legal action, etc.

Demurrer of Company overruled.

# SUPERIOR COURT

No. 987

HEFFERSON et v. WUEST

Cincinnati Superior Court

No. 59266. Decided Nov. 20, 1925.

297. CONTRACTS—A contract to deliver a clear, free and unincumbered title is interpreted to mean a marketable title.

1175. TITLE—A marketable title is such as a reasonably prudent purchaser or title examiner would accept.

MARX, J.

John Hefferson contracted to purchase the home of Geneva Wuest for $6,750, to be clear, free and unincumbered, Hefferson deposited $300 with Wuest under written conditions that the deposit was to be applied to the purchase price and returned if the title should prove not clear.

This action was instituted by Hefferson against Wuest to recover the $300 deposit, on the ground that the title to the property was not clear. Wuest filed a counterclaim for damages which she claimed to have sustained because of Hefferson's breach of the contract.

The question for the Court's determination is whether or not the title to the property is clear, free and unincumbered. It appears that in 1870 a mortgage was given by the then owner of the property, S. P. Armstrong to one W. W. Dawson. The mortgage was never cancelled, but about two months later the property was conveyed to Dawson by Armstrong, by warranty deed and through various conveyances came into the ownership of Wuest. Upon these facts the Superior Court held:

1. A contract to deliver a free and unincumbered title is interpreted to mean a marketable title.

2. It is not incumbent upon Wuest to prove that Dawson who was the mortgagee of the property, was the same person who subsequently became the owner. This must be presumed from the fact that names are identical and the property was sold about two months after the mortgage was effected.

3. A marketable title is such title as a reasonable prudent purchaser would accept. Considering the facts which raised this question, the title is marketable and is therefore free and unincumbered. Hefferson's petition is dismissed. Wuest's counterclaim dismissed. No damages are warranted.

Attorneys—Williams, Ragland, Dixon and Murphy for Hefferson; Hunt, Bennett and Utter for Wuest; all of Cincinnati.